FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

98 JUL 17 AM 7: 54

U.S. DISTRICT COURT
N.D. OF ALABAMA

WOODMEN OF THE WORLD                )
LIFE INSURANCE SOCIETY,             )
                                    )
         Plaintiff,                 )
                                    )
vs.                                 )   CIVIL ACTION NUMBER
                                    )
GLENN THOMAS,                       )        98-C-0185-W
                                    )
         Defendant.                 )

ENTERED  CRo

JUL 1 7 1998

**MEMORANDUM OF OPINION GRANTING MOTION TO DISMISS**

In this action under the Federal Arbitration Act, 9 U.S.C. §§ 3 and 4, plaintiff Woodmen of the World Life Insurance Society ("Woodmen") seeks to compel arbitration of plaintiff Glenn Thomas' dispute, and to stay Thomas' pending state court action involving that dispute. Thomas has moved to dismiss on abstention grounds.[1] For the reasons which follow, the court determines that the motion should be granted and the case should be dismissed without prejudice.

I

Glenn Thomas initiated the state court action against Woodman and Simpson in the Circuit Court of Greene County on

---

[1] Thomas has alternatively moved to dismiss based on its argument that Woodmen's agent Alvin D. Simpson is a person needed for the just adjudication of this action, pursuant to Fed. R. Civ. P. 19.
   In the court's view, Simpson is not an indispensable party for purposes of this case. *Doctor's Associates, Inc. v. Distajo*, 66 F.3d 438, 446 (2d Cir. 1995); *Metropolitan Life Ins. Co. v. Atkinson*, (N.D. Ala. CV 95-P-1561-S, decided September 11, 1995).

19

December 10, 1997.  Thomas and Simpson are Alabama residents.

In his complaint, Thomas alleges that in June 1996, Simpson fraudulently represented to him that if he would purchase a certain Woodmen policy, his monthly premiums would never increase during the life of the policy and that death benefits in at least the face amount of the policy would be guaranteed.  It is alleged that Thomas relied on these representations to his detriment and purchased the policy (i.e., benefit certificate).  It is also alleged that Woodmen and its agent Simpson have embarked on a pattern or practice of similar fraudulent conduct.  The various counts of the complaint allege willful misrepresentation, reckless/innocent misrepresentation, fraudulent concealment, and negligent and wanton hiring/training/monitoring/supervision of Simpson by Woodmen.

Woodmen, a Nebraska corporation, is a fraternal benefit society.  It is non-profit, existing for the mutual benefit of its members and their beneficiaries.  As the holder of a benefit certificate, Thomas is a member of the Woodmen Society.

Within six months after Thomas purchased his Woodmen policy, the constitution of the Society was amended.  The amendment implements a Problem Resolution Procedure ("PRP") for all disputes regarding benefit certificates.  The PRP culminates in binding arbitration.

Faced with the state court action, Woodmen filed the instant case seeking to compel arbitration.

Woodmen concedes that "arbitration of the issues raised by [Thomas] will render moot all of the issues in the state court proceeding...." Complaint and Petition to Compel Arbitration, p. 4.

## II

The court concludes that it should abstain from exercising jurisdiction in this case.

The Middle District of Alabama has been faced with the identical fact situation as presented in this case. *Woodmen of the World Life Insurance Society v. John R. Benefield, et al.*, ____ F. Supp. ____, (M.D. Ala. CV 98-A-453-N, decided July 1, 1998). The court concluded that abstention was appropriate under the circumstances. For reasons of judicial economy, this court adopts the reasoning and analysis of the court in *Benefield* as its own. Cf. *Transouth Financial Corp., et al. V. Ronald Bell*, 975 F. Supp. 1305, (M.D. Ala. CV 96-T-1747-N, decided August 25, 1997).

Accordingly, by separate order, the defendant's Motion to Dismiss will be granted, without prejudice to the plaintiff's right to pursue the arbitration claim in the state court.

3

DONE this __16th__ day of July, 1998.

                                            UNITED STATES DISTRICT JUDGE
                                                  U. W. CLEMON